**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                                CIVIL ACTION NO. 03-80504
v.                                              HONORABLE ARTHUR J. TARNOW
                                                  UNITED STATES DISTRICT JUDGE

KENNETH J. GRAHAM and
KYLE DRESBACH,                           MAGISTRATE JUDGE
                                                  R. STEVEN WHALEN

        Defendants.
_____/

**ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION [D/E # 270], DENYING DEFENDANTS' OBJECTIONS, CAUSING DEFENDANTS' MOTIONS TO DETERMINE PARTIAL SATISFACTION OF RESTITUTION JUDGMENT TO BE DENIED [D/E # 257 & D/E # 265]**

      Before the Court are Defendants' Motions to Determine Partial Satisfaction of Restitution Judgment and for Other Relief [D/E # 257 & # 265] and the Magistrate's Report and Recommendation [D/E # 270]. As part of their sentences, Defendants were ordered to joint and severally pay their former employer restitution in the amount of $8.8 million. Defendants now argue in their motions that a portion of their retirement package was totally vested and non-forfeitable, and thus should be applied to the restitution order. The Report recommends that both motions be DENIED because the Defendants' actions against the company caused their retirement packages to be forfeited and thus cannot be used to offset this Court's restitution judgment. For the reasons stated below, this Court ADOPTS the Magistrate's Report and Recommendation as the findings of this Court and REJECTS the Defendants' objections.

      This Court will not recite the factual background since the Report and Recommendation contains a detailed factual summary outlining the contracts the parties entered into and the relevant provisions regarding retirement packages.

      The Magistrate states in the Report and Recommendation that Graham's attorney at oral argument conceded that the Supplemental Executive Retirement Plan ("SERP") agreement

included a "bad boy" provision. The same provision was also included in Dresbach's SERP agreement. Based on the provision, the Magistrate determines that the SERP payments are subject to forfeiture and thus cannot be applied to satisfy the restitution order.

Through principles of contract law, the Magistrate also concludes that Defendant Graham forfeited his right to additional special supplemental payments ["ASSP"], a type of benefit not extended to Dresbach. According to the Report, Graham's misconduct towards the company was a material breach of his employment contract. The contract imposed a fiduciary duty on Graham to exercise due care and diligence to follow the rules and regulations of the Board of Directors. Graham breached this duty when his conduct led to the loss of millions of dollars to ThyssenKrupp. Because the breach involved deceit, the nonbreaching party is entitled to the equitable remedy of recision. The recision annuls the contract and restores the parties to their original positions before entering into the contract.

Additionally, the Magistrate determined that Graham should not profit from the blatant breach of his fiduciary duty to ThyssenKrupp under agency principles. Because Graham materially breached his employment contract as well as his fiduciary duty to his employer, ThyssenKrupp is not obliged to pay him $365,000 per year under the ASSP.

Graham objects to the Report and Recommendation arguing that he never conceded at oral argument that the "bad boy" provision of the 1994 SERP pertained to Graham. While it is true that the SERP agreement came to include such a provision, "counsel did not concede the clause operated to cause a forfeiture of Graham's interest in the SERP" because certain defenses may apply. In particular, Graham argues that the retirement benefits "vested" prior to the provision included. In December of 1993, the Board determined that the SERP would contain the same definitions and same vesting provisions of the previous "Qualified Plan." Under the Qualified Plan, Graham was a participant whose benefits would begin after five years of employment. At the time, he had already worked with the company for twenty years making benefits available immediately at retirement. A year later on December 16, 1994, the Board decided to include a bad boy clause as well as changing the vesting period from 5 to 10 years.

Without citing precedent, Graham argues that he was 100 percent fully vested in its

benefits. Graham argues that the amendments were prospective only and not meant to impair the vested rights of any participant. Graham admits that the SERP does not automatically provide for "vested benefits" but sidesteps this issue by claiming that it was the intent of the parties.

In addressing this defense, this Court agrees with TyssenKrupp's arguments raised in its response to Graham's stated objections. Graham's argument that the "bad boy" clause is unenforceable because the benefits had "vested" is stated without authority and runs contrary to the law. The contract, including the "bad boy" provision, was entered into as part of the renewal of Graham's employment contract. The Employee Retirement Income Security Act ["ERISA"] normally prohibits forfeiture of accrued or vested benefits, however this prohibition normally does not apply to "top hat" plans such as the SERP and ASSP because these plans are exempt from those prohibitions. The prohibition against forfeiture and "anti-cutback" measures is codified in Part 2 of ERISA. 29 U.S.C. § 1053, 1054. 29 U.S.C. § 1051(2) exempts "top hat" plans from Part 2 of ERISA. The statute itself refutes Graham's argument that SERP could not be amended to include the "bad boy" forfeiture provision.

> This part shall apply to an employee benefit plan... other than
> ...
> (2) a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees.

Thus, ThyssenKrupp was justified when it amended the SERP to include a "bad boy" forfeiture provision. *See Cogan v. Phoenix Life Ins. Co.*, 310 F.3d 238, 242 (1st Cir. 2002).

Moreover, ERISA does not prohibit an employer from forfeiting "top hat" benefits as a result of misconduct. In *Aramony v. United Way of America*, a district court concluded that "a rule by which disloyal fiduciaries would forfeit the benefits of their top hat plans would not contradict the principles of ERISA law." 1998 U.S. Dist. Lexis 5885 (S.D.N.Y. 1998) *rev'd in part on other grounds*, 191 F.3d 140 (2nd Cir. 1999).

Finally, Graham violated his general duty of loyalty to the company and defrauded the company into entering the contract. Since the contract was entered into during the kickback scheme, these are additional grounds enough to rescind the contract because Graham lacked the

intent to perform his agreement of loyalty.  Although the Magistrate did not apply the contract and agency theories of forfeiture to the SERP payments, they apply equally to the SERP payments as much as the ASSP payments.

**Dresbach's Objections to the Report and Recommendation**

Dresbach objects to the fact that the Report and Recommendation result is a "double dipping by Thyssen" because the company receives both restitution from the defendants while at the same time not having to pay the Defendants' retirement packages.  Dresbach objects to the fact that the Report and Recommendation failed to address his argument that USC § 3613(a) does not provide an exemption for SERP payments and should be subject to garnishment not recession.

In terms of Dresbach's 18 U.S.C. § 3613(a), a garnishment is owed by such party to the defendant debtor.  The supplemental benefits are not owed by ThyssenKrupp to Dresbach because they were forfeited and therefore there is nothing to garnish.

**Conclusion**

Based on the "bad boy" provision, as well as contract and agency principles, the Magistrate recommends that neither Graham nor Dresbach is entitled to any offset against the Court's restitution order on account of forfeited retirement benefits.  Regardless of whether the "bad boy" provision applies to the Defendants' particular contracts, the contract and agency arguments alone cause the retirement benefits of both Graham and Dresbach to be forfeited and thus not available to satisfy the restitution judgment.

**IT IS HEREBY ORDERED** that the Magistrate's Report and Recommendation is **ADOPTED** and the objections of both Defendants are **REJECTED**.  As a result, the Defendants Motions to Determine Partial Satisfaction of Restitution Judgment are **DENIED**.

**IT IS SO ORDERED.**

S/ARTHUR J. TARNOW
											Arthur J. Tarnow
											United States District Judge

Dated:  June 21, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 21, 2007, by electronic and/or ordinary mail.

											S/THERESA E. TAYLOR
											Case Manager